IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00779-PAB-KMT

JAMES C. PRIEST, III,

    Plaintiff,

v.

OFF. T. TOBIN #0705, and
OFF. BRIAN HUSUM #07049,

    Defendants.

## ORDER

    This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 22] (the "Recommendation") filed on August 19, 2013. The magistrate judge recommends that the Court grant the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 14] filed by defendants T. Tobin and Brian Husum. On August 27, 2013 plaintiff filed a pleading stating that he was contesting "the motion to dismiss this case 13-00779, based on a statute of limitations time restraint." Docket No. 24. Defendant has filed a response to plaintiff's pleading. Docket No. 25. In light of plaintiff's pro se status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).

    The underlying facts are set forth in the Recommendation and will not be restated here. *See* Docket No. 22 at 1-2. As a threshold matter, the proper standard for reviewing the Recommendation is in some doubt. While plaintiff's objection was

timely, "a party's objections to the magistrate judge's report and recommendation must be both timely *and specific* to preserve an issue for de novo review by the district court . . . ." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (emphasis added). Plaintiff does not object to any specific aspect of the Recommendation and his arguments appear to be in response to defendant's motion to dismiss. However, the Court need not decide whether plaintiff's objections are sufficient to preserve *de novo* review. Even under that standard, the Court finds no error in the Recommendation.

The Recommendation found that plaintiff's claims were barred by the statute of limitations. Docket No. 22 at 4-5. The Recommendation noted that plaintiff's complaint was filed on March 26, 2013 and specifically concluded that, because the acts forming the basis of plaintiff's claims occurred on September 27, 2008, plaintiff's claims were barred by the statute of limitations. *Id.*; *see* Colo. Rev. Stat. 13-80-102(1)(g). With respect to the statute of limitations issue, plaintiff argues that his claim is based on defendants' actions which resulted in his unlawful incarceration. Docket No. 24 at 1.

"State statutes of limitations applicable to general personal injury claims supply the limitations periods for [42 U.S.C.] § 1983 claims." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999). Therefore, in this case, plaintiff's § 1983 claims are subject to a two-year statute of limitations. *See* Colo. Rev. Stat. § 13-80-102(1)(g) ("All actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and "regardless of the theory upon which suit is brought . . . shall be commenced within two years."); *see also Hunt v.*

*Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994) (finding that "§ 1983 claims are best characterized as personal injury actions and we therefore apply" the State of Colorado's two-year statute of limitations (citation omitted)). Plaintiff's complaint contains no basis for equitable tolling or application of Colorado's revival statute. *See* Colo. Rev. Stat. § 13-80-111.

Federal law, however, "governs the time of accrual of § 1983 claims." *Beck*, 195 F.3d at 557. Generally, a § 1983 claim "accrued when [plaintiff] knew or should have known that his constitutional rights had allegedly been violated." *Parkhurst v. Lampert*, 264 F. App'x 748, 749 (10th Cir. 2008) (unpublished) (citing *Beck*, 195 F.3d at 557). In the Fourth Amendment context, claims "arising out of . . . search and seizure . . . are presumed to have accrued when the actions actually occur." *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

Plaintiff has provided no basis to indicate that this presumption does not apply in the instant case. *See Beck*, 195 F.3d at 558. Plaintiff's complaint clearly indicates that defendants stopped him, searched his car, and arrested him on September 27, 2008 and that, as a result, he was shortly thereafter charged with possession and driving without a license. Docket No. 1 at 3. To the extent plaintiff's objection can be construed as arguing that the continuing violation doctrine should apply because plaintiff's injury continued throughout his period of incarceration, the Court rejects the argument. The Tenth Circuit has expressly declined to decide whether the continuing violation doctrine applies to § 1983 claims. *See Mata v. Anderson*, 635 F.3d 1250, 1253 (10th Cir. 2011). Moreover, the continuing violation doctrine would not preserve

plaintiff's claims because the doctrine is "'triggered by continual unlawful acts, not by continual ill effects from the original violation.'" *Id.* (quoting *Parkhurst*, 264 F. App'x at 749). Accordingly, because plaintiff's claims accrued on September 27, 2008, the March 26, 2013 filing of those claims falls outside the two-year statute of limitations. Thus, the Court finds no error with the Recommendation.

For the foregoing reasons, it is

**ORDERED** that the Recommendation on defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 22] is **ACCEPTED**. It is further

**ORDERED** that defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 14] is **GRANTED**. It is further

**ORDERED** that this case is **DISMISSED** with prejudice and shall be closed in its entirety. It is further

**ORDERED** that, within 14 days of the entry of judgment, defendant may have its costs by filing a bill of costs with the Clerk of the Court.

DATED January 9, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge